UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ *FJ* ___
Deputy Clerk

**Apr 6, 2018**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. **Fort Lauderdale**

John A Mattera,

        Plaintiff,

vs.

Lawerence G. Nusbaum, Martin H.
Kaplan,    Gusrae    Kaplan
Nusbaum,    Pllc, Bradford Van
Siclen,    and Inga Walter Van
Siclen,

        Defendant.

_____/

Civil Case No.:
**17-22406-Civ-Williams/Torres**

Related Civil Case No.:
**17-cv-22406-KMW**
$2013-cv-6159(woD)$

## MOTION FOR LEAVE TO AMEND THE COMPLAINT AND CONSOLIDATE
## RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS

    John Mattera filed a complaint that alleged twelve counts involving various causes against 5 defendants. The pro se filing involves 347 pages and is admitting a rambling distribe of a person who is emotionally distraught by the alleged actions of the defendants.

    The so-called shotgun complaint mimicks the older, traditional pleading practice that dominates American, if not Western, litigation history. But Mr. Matera has been imprisoned and impoverished, thus his options are limited to jailhouse lawyers, who have learned backwards (decisional authority, reactive practice from court orders received by mail, etc.). Therefrom, births pleading-atrocities like Mr. Mattera's complaint. The hideous pleading, however, reveals sufficient factual allegations to suggest the defendants have impermissibly harmed Mr. Mattera.

-1-

For example, despite the artful and deft wording of the lawyers'[/1] motion to dismiss. The lawyers acknowledge that they prepared a retainer agreement for Mr. Mattera (Doc. 57 at 4) and that an unsigned version of that agreement was attached to the complaint. (**Id.**). Two quick points: (1) no verified statement from any party suggests that the retainer agreement was never signed, and (2) even if none were signed the agreement evinces the intent of the parties. An intent supported by the payment of $45,000 and $25,000 in two separate cases from a company owned by Mr. Mattera——Rhino Capital, Inc. In sum, at this stage, there is some evidence to support Mr. Mattera's ill-plead, but ascertainable claim that he paid the lawyers $45,000 in order for the lawyers to represent them in an indentified SEC civil action against The Praeterian Global Fund LTD, et. al. (Doc. 57 at 7), and $45,000 in a separate securities derivative action.

Equally, gleanable from the hideous complaint, the lawyers chose to damage Mr. Mattera by settling the RVUE/ARGO action without including Mr. Mattera. Thereby, giving favorable treatment to a client the firm considered more desirable. As alleged, a distinct breach of the duty of loyality it owed to Mr. Mattera once it advised him and took his money, regardless of contract.

Mr. Mattera needs 45 days to amend his complaint; likely reduced to 10% of its current size, but firming up the counts with specific nonconclusory facts that will, if proven, establish the (defendant) lawyers breached their contract with, and fiduciary duties to, Mr. Mattera. Moreover, Mr. Mattera will show that his amended claims are timely in part because the lawyers conduct warrants tolling or caused the discovery of the injury to be delayed.

---

/1 I am a student of an even more modern school of pleading (Antonin Scalia, Bryan A. Garner et. al.,) and bold enough to advance the cause of brevity and clarify beyond that of my esteemed teachers. But in deference to their experiences I too eshew acronyms whenever possible. The A defendants pleadings are full of letters. We will call the defendants by their name or obvious category. Lawyers include the named individuals and their firms.—— FLA

By example, Mr. Mattera provides a composite exhibits of correspondence that belonged to Mr. Mattera as the client, but which the lawyers have unreasonably refused to provide until they believed the statute expired. (Exhibit "1").

Equally distrubing the lawyers throughout this pleading and in response to Mr. Mattera's bar complaint assert that Mr. Mattera is not a client of their firm or of the lawyers individually. (Exhibit "1"). Yet, the lawyers referred to Mr. Mattera as their client when complaining to the prison about Mr. Mattera's desperate verbal flailing that was annoying them. (Exhibit "2").

Similarly, but less dramatically Mr. Mattera sets forth claims against the Van Siclens. And for obvious reasons Mrs. Siclens does not necessary wish to be lumped together with Mr. Van Siclen, but for this response we group them together——although prospectively we will seek to keep them distinct——except where the overlap is essential to the elements of the count.

In the apparently misbegotten joint motion to dismiss filed by James Binhok, Esquire, there are numerous derisive comments on Mr. Mattera's inept pleading. (Unstamped motion, passim)./2 But what can be extracted is that Mr. Van Siclen fraudulently took money from investors and Mr. Mattera had to repay those funds; and that those funds were diverted and retained by Ms. Van Siclen or enterprises she controlled. (Motion to dismiss pp. 12-14).

For current purposes, this shows the Van Siclens are aware of the circumstances generating the complaint, thus are not harmed by allowing Mr. Mattera to cull his pro se complaint of the unneeded verbal bramble; and allowing him to plead with specificity his cause.

---

/2 We recognize there is some dispute whether Mr. Binhok represents Mrs. Siclen and that the particular motion to dismiss is not of record, nonetheless the motion proves that the hideous complaint gave actual notice of the valid Mr. Mattera's claims.

Additionally, the Van Siclens first impulse reveals that technical deficiencies aside——the hideous pleading but them on notice of Mr. Mattera's substantive complaints.

Mr. Mattera cannot confer with opposing counsel, but he assumes the parties do not consent to the amendment. Thus, he points the court to he purpose behind Federal Rule of Civil Procedure 15, which is to avoid forfeiture and windfalls because of ignorance and impoverishment.

## CONCLUSION

Mr. Mattera respectfully requests until June 1, 2018 to trim his complaint to no ore than 30 pages; and such other relief as this court deems appropriate or fair.

Prepared with the assistance of Frank L. Amodeo and respectfully submitted by John Mattera on this 2nd day of April 2018:

John Mattera
Reg. No. 97650-004
Federal Correctional Complex
P.O. Box 1031 (Low custody)
Coleman, Florida 33521-1031
Unit C-3

Sent via Federal Prison Mailbox, Rule (Fed R. App 4) per S. ct Houston v Lack Rule 4 which provides if an inmate confined in an institution filer in a criminal or civil case, the filing is timely if it is deposited in the institution internal mail system on or before the last day for filing (Upheld: Henderson v Palmer 6th Circ. Sept 12 2012.  JM

## CERTIFICATE OF SERVICE

The preceding pleading was delivered in a properly addressed, postage-paid envelope to the prison mailing authorities on the same day as signed.

The original was sent to the United States District Court, Southern District of Florida, Miami Division, Clerk of the Court at 400 North Miami Avenue, Suite 8N09, Miami, Florida 33128-7716. A copy of this pleading was sent via first class U.S. Mail to the Law Offices Milber, Makris, Plousadis & Seiden, LLP at 1900 N.W. Corporate Boulevard, East Tower, Suite 440, Boca Raton, Florida 33431.

So certifies, and declareth:

_____
John A. Mattera

## VERIFICATION

Under penalty of perjury as authorized in 28 U.S.C. § 1746, I declare that the factual allegations and factual statements contained in this document are true and correct to the best of my knowledge.

_____
John A. Mattera

Exhibit 1

**BB&T Wire Transfer Services Request**                    Date: 08/22/11

Branch: 8540403 Caller's Name:CATHY J CAMPBELL          Transfer #:110822-002048

Reporting Branch: 8540403    Phone #:561-368-0072 International Transfer:N

Customer Type:C    Branch Location:506          Transfer Amount:    45000.00

Application: DDA    Debit Account #:0000148277400      GLA Ticket #:

                    Repetitive #:
------------------------------------------------------------------
Originator Name: RHINO ISLAND CAPITAL INC

Address:        2234 N FEDERAL HWY STE 351

                BOCA RATON FL 33431-7710


********************************************************************************
Receiving Bank: TD BANK, NA                        ABA/Routing:026013673
Bank City/State:NEW YORK, NY

Further Credit Bank:

Beneficiary Account:7923154285          Beneficiary Account Type:

Beneficiary Name:   Gusrae Kaplan Bruno &Nusbaum PLCC

Address:            120 Wall Street

                    New York, NY 10005


------------------------------------------------------------------
Originator Reference:

Originator to Beneficiary Information :
        Memo:  RVUE

Bank to Bank Information:

**BB&T Wire Transfer Services Request**                     Date: 08/15/11

Branch: 8540405 Caller's Name:MELODY L GRUNDVIG          Transfer #:110815-004542

Reporting Branch: 8540405     Phone #:561-498-5124 International Transfer:N

Customer Type:C    Branch Location:506        Transfer Amount:      25000.00

Application: DDA   Debit Account #:0000148277400      GLA Ticket #:

                   Repetitive #:
---------------------------------------------------------------------
Originator Name: RHINO ISLAND CAPITAL INC

Address:          2234 N FEDERAL HWY STE 351

                  BOCA RATON FL 33431-7710


*******************************************************************************
Receiving Bank: TD BANK, NA                        ABA/Routing:026013673
Bank City/State:NEW YORK, NY

Further Credit Bank:

Beneficiary Account:7923154285          Beneficiary Account Type:

Beneficiary Name:   Gusrae, Kaplan, Bruno& Nusbaum PLLC

Address:            120 Wall Street

                    New York, NY 10005


-----------------------------------------------------------------
Originator Reference:

Originator to Beneficiary Information :
        MEMO: BRAD VAN SICLEN AND JOHN MATTERA

Bank to Bank Information:

**YAHOO!** MAIL
C assic

## WIRE - send $25,000-MEMO Brad van Siclen and John Mattera

Sunday, August 14, 2011 4:50 PM

From: "Mattera John Andrew" <jm@thepraetorianfund.com>
To: "Mattera Anna" <anamia2@bellsouth.net>
1 File (15KB)



Wiring In...

$45,000

WIRE INSTRUCTIONS FOR TD BANK ACCOUNT
2 Wall Street
New York, NY 10004

GENERAL ACCOUNT
ACCOUNT NAME – GUSRAE, KAPLAN, BRUNO & NUSBAUM PLLC
ABA # 026013673
ACCOUNT # 7923154285
120 Wall Street
New York, NY 10005

Confidential - For Internal Use Only
Account # / Tax Id: 0000148277400

08/03/2011
1 - 2

## BB&T SIGNATURE CARD (FLORIDA)

NAME AND ADDRESS OF DEPOSITOR(S)

RHINO ISLAND CAPITAL INC
2234 N Federal Hwy Ste 351
Boca Raton FL 33431

| ACCOUNT NUMBER | ACCOUNT OPENING DATE | REVISED CARD DATE |
|---|---|---|
| 0000148277400 | 08/13/2010 | 11/15/2010 |

OWNERSHIP DESIGNATION: CHECK ONLY ONE BLOCK

**Personal Accounts**
- [ ] Single-Party
- [ ] Multiple-Party With Right of Survivorship
- [ ] Pay-On-Death
- [ ] Uniform Transfers to Minors
- [ ] Other ____

**Business Accounts**
- [ ] Sole Proprietorship/DBA
- [ ] Partnership
- [x] Corporation
- [ ] Non-Profit Corporation
- [ ] Public Funds
- [ ] LLC (including LLP)

**Other Accounts**
- [ ] Estate
- [ ] Trust
- [ ] Bankruptcy
- [ ] Court Appointed Fiduciary (Guardian/Custodian/Conservator, etc.)
- [ ] Lawyer's Trust Account or IOTA
- [ ] Escrow
- [ ] Other ____

**TIN CERTIFICATION**
Under penalties of perjury, I certify by my signature below that: (1) The number shown on this form is the correct Social Security or Tax Identification Number, or I am waiting for a number to be issued to me, and (2) I am NOT subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding. (Depositor must cross out (2) above if the IRS has notified the depositor that the depositor is currently subject to backup withholding because of underreporting of interest or dividends.), and (3) I am a U.S. person (including U.S. resident alien). The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

Check one only if applicable:
- [ ] Depositor is an exempt recipient of interest under the Internal Revenue Code.
- [ ] Depositor is exempt as a nonresident alien and has completed a Form W-8BEN. (All depositors must complete a separate W-8BEN form for this exemption.)

I understand that if a taxpayer identification number is not provided to the bank within 60 days, the account may be closed.

BY MY SIGNATURE, I HEREBY CERTIFY THAT: (1) the type of ownership designated is correct; (2)(a) if I have opened a personal account, I have received the "Bank Services Agreement", the "BB&T Interest Schedule", and the "BB&T Financial Services Pricing Guide" and agree to accept the terms of each document, or (2)(b) if I have opened a commercial account, I have received the "Commercial Bank Services Agreement" and the "BB&T Business Services Pricing Guide" and agree to accept the terms of each document, and (3) I grant permission to the Bank to verify any information about me including bank and credit references.

**PERSONAL ACCOUNTS**

SINGLE-PARTY ACCOUNT
*Only one signer*

SSN ____ Date ____
Signature of Depositor ____

MULTIPLE-PARTY ACCOUNT WITH RIGHT OF SURVIVORSHIP
*All account owners must sign*

We understand that BB&T may pay any or all of the funds in the account on the order of any one person named on the account. Upon the death of a party to the account, the deceased party's ownership in the account passes to the surviving party or parties to the account. BB&T may pay the entire account balance to a creditor or other legal claimant pursuant to legal process despite notice to BB&T by a depositor not to permit such payment.

SSN ____ Date ____
Signature of Depositor ____
SSN ____ Date ____
Signature of Depositor ____

Centralized Document Scanning Operations
100-98-15-11

8005FL (0811)

Confidential - For Internal Use Only
Account # / Tax Id: 0000148277400

08/03/2011
1 - 2

PAY-ON-DEATH ACCOUNT
*Can be single-party or multiple-party account*

It is understood that by establishing a pay-on-death account that: (i) any one party may withdraw or transfer any or all the funds in the account; (ii) any party may change or remove any beneficiary by written notice to the Bank; (iii) upon the death of any party, the funds shall belong to the remaining party(s); and (iv) upon the death of the last party, the funds shall be payable to the beneficiaries then living and, if none, to the estate of the last surviving party.

SSN: ____ Date: ____
Signature of Depositor ____
SSN: ____ Date: ____
Signature of Depositor ____

Name of Beneficiary ____ Relationship: ____ SSN: ____
Address of Beneficiary: ____
Date of Birth of Beneficiary: ____ Phone Number of Beneficiary: ____

Name of Beneficiary ____ Relationship: ____ SSN ____
Address of Beneficiary: ____
Date of Birth of Beneficiary: ____ Phone Number of Beneficiary ____

Name of Beneficiary: ____ Relationship ____ SSN ____
Address of Beneficiary: ____
Date of Birth of Beneficiary ____ Phone Number of Beneficiary ____

UNIFORM TRANSFERS TO MINORS ACT ACCOUNT
*Only one custodian and one minor permitted*

I understand that the funds transferred into this account are being credited to this account in my name as custodian for the minor named below under the Florida Uniform Transfers to Minors Act. The gift of money to the minor named below is irrevocable and is made in accordance with and to include all provisions of said Act.

SSN: ____ Name of Minor ____ Relationship ____
Address of Minor: ____ DOB ____
SSN ____ Date ____
Signature of Custodian ____

**Business, Trust, Bankruptcy, Guardian, Custodian, Conservator, IOTA, Escrow and "Other" Accounts**
The undersigned expressly authorize BB&T to obtain any consumer report and/or any other personal or business credit reports.

| EIN/Tax ID Number | Printed Name | Signature and Title | | Date |
|---|---|---|---|---|
| 26-1685640 | RHINO ISLAND CAPITAL | x [signature] | (Seal) | 11/15/10 |
| 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 | ANN MATTERA | x [signature] | (Seal) | 11/15/10 |
| 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 | JOHN MATTERA | [signature] | (Seal) | 11/15/10 |
| 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 | LAN T. PHAN | [signature] | (Seal) | 11/15/10 |

IDENTIFICATION (Primary Account Holder)

Type of ID ARTI Issued By FL ID Number P07000131854 Expiration Date ____
Second Type of ID ____ Issued By ____ ID Number ____ Expiration Date ____
Employer ____ Date of Birth ____ Home Phone Number ( ) ____
Address as listed on ID SAME Work Phone Number (561) 929-9267

IDENTIFICATION (Secondary Account Holder)

Type of ID ____ Issued By ____ ID Number ____ Expiration Date ____
Second Type of ID ____ Issued By ____ ID Number ____ Expiration Date ____
Employer ____ Date of Birth ____ Home Phone Number ( ) ____
Address as listed on ID ____ Work Phone Number ( ) ____

Opened/Updated By MARION E. STEINER 66390 Approved By ____ Branch Location 8546403

8005FL (0811)

08/03/2011 WED 10:32  FAX ☑001

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

JOB NO.              3650
DESTINATION ADDRESS  18008357482
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME             08/03 10:31
USAGE T              00'49
PGS.                 1
RESULT               OK
```

**BB&T**

Account Deposit
☐ Checking ☐ Savings

Deposit To The Account Of (Please print full name)
BRADFORD Jon SICLEN

Address

City, State, Zip Code

Date  8/3/11   Please Sign Here If Cash Received

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL   Please enter your account number below

* 0 0 0 0  1 4 8 5 6 7 1 7 4

→ USE FOR 10 DIGIT ACCOUNT NUMBER

⑆053101121⑆

Currency/Coins
Checks              50,000.00

Transfer
From
#1148277400

Total
Less: Cash
Received

Total
Deposit  $          50,000.00

33

---

RHINO ISLAND CAPITAL INC          66-112/531

Date 8-3-11

PAY BRADFORD VAN SICLEN            $ 50,000
to the order of

FIFTY THOUSAND                      00/100 Dollars

PLEASE ENTER YOUR ACCOUNT NUMBER BELOW

**BB&T**          * 0 0 0 0 1 4 8 2 7 7 4 0 0
                  → USE FOR 10 DIGIT ACCOUNT NUMBER

Name              Signature  Ann Matthers

⑆053101121⑆       44

FAX 835-7482
800-835-7482
LISA

---

1-800-BANK BBT
1-800-226-5228

**TRANSACTION RECEIPT**

All items are credited subject to payment.



BBT.com

Learn more about Online Statements and

September 20, 2017

Mr. Jorge Dopico
Chief Attorney
Attorney Grievance Committee
State of New York
Supreme Court Appellate Divison
First Judicial Department
61 Broadway 2nd Floor
New York, NY 10006

Re:  Martin H. Kaplan Docket No. 2017, 1558
     Lawrence G. Nusbaum Docket No. 2017, 1557

Dear Mr. Dopico,

I want to thank you for your letter(s) dated September 7, 2017.
As stated, you are deferring the investigation at this time, as
there is pending litigation.  You asked to be notified if anything
came up to warrant the investigation.

Please note that the judicial claim I had filed is full of
evidence that contradicts Martin H. Kaplan's initial response to
the NY Bar and the allegations of the first NY Bar complaint filed
by me were simply stealing my money, omitting me out of the sett-
lement and representing one client against another using the att-
orney client confidential information.  In writing, he denied I
was ever a client.

I would like to request that the investigation be opened im-
mediately as I have recieved a letter (Exh. A) copied to me by
Martin H. Kaplan, to my Warden at Coleman Low.  The letter is a
desperate attempt by a liar who is licensed as an attorney in the
State of New York in which you are the governing body, put in place
to protect the public.

I would like to bring your attention to page two of the letter
in which Martin H. Kaplan contradicts his sworn statement to the

-1-

New York Bar, denying I had ever been a client when he states,
"....and attorneys that have previously represented the prisoner
INCLUDING a partner of my law firm." (emphasis added).

Mr. Kaplan has lied to the New York Bar on the first invest-
igation, omitting documents I have filed in the lawsuit, and now
I present you with the evidence which clearly contradicts the basis
of his original defense in this matter.

I have included a Cease and Desist Motion I filed in this case
and I implore you as Chief Attorney to begin this investigation as
he has been caught repeatedly lying to his own professional Gov-
erning Board.

Thank You In Advance,

John A. Mattera

-2-

ST/
SUPREME Cc
FIRST JUDICIAL DEP. .RiME...
61 BROADWAY - 2ND FLOOR
NEW YORK, NEW YORK 10006

(212) 401-0800
FAX: (212) 287-1045 (NOT FOR SERVICE OF PAPERS)

ERNEST J. COLLAZO
CHARLOTTE MOSES FISCHMAN
CHAIRS

MYRON KIRSCHBAUM
ABIGAIL T. REARDON
VICE CHAIRS

ᴴ DOPICO
CHIEF ATTORNEY

SPECIAL TRIAL ATTORNEY
JEREMY S. GARBER

DEPUTY CHIEF ATTORNEYS
ANGELA CHRISTMAS
NAOMI F. GOLDSTEIN
VITALY LIPKANSKY
RAYMOND VALLEJO

STAFF ATTORNEYS
SINAN AYDINER
SEAN A. BRANDVEEN
KEVIN P. CULLEY
SHERINE F. CUMMINGS
KEVIN M. DOYLE
JUN H. LEE
NORMA I. LOPEZ
NORMA I. MELENDEZ
ELISABETH A. PALLADINO
KATHY W. PARRINO
LANCE E. PHILADELPHIA
ORLANDO REYES
YVETTE A. ROSARIO
REMI E. SHEA
DENICE M. SZEKELY

September 7, 2017

PERSONAL AND CONFIDENTIAL

Mr. John A. Mattera
#97650-004, F.C.C.
Coleman - Low
Post Office Box 1031
Coleman, FL 33651-1031

Re:   Matter of Lawrence G. Nusbaum, Esq.
      Docket No. 2017.1557

Dear Mr. Mattera:

As you know, there is pending litigation concerning allegations which are substantially similar to the material allegations of professional misconduct you have alleged here. In particular, on June 28, 2017, you filed a legal malpractice action in the Southern District of Florida, 1:17-CV-22406-KMW, in which the allegations are substantially the same to the material allegations of professional misconduct alleged in the instant complaint.

We have found that a judicial determination of such matters is helpful to the Committee. Accordingly, we have determined to defer further investigation at this time. Please inform us of any court decision or other event which may warrant an investigation. We will notify you if we determine, at a later date, to reactivate the investigation.

Thank you.

Very truly yours,

Jorge Dopico
Chief Attorney

JD:RES/cmn
PL C

**ATTORNEY GRIEVANCE COMMITTEE**
STATE OF NEW YORK
SUPREME COURT APPELLATE DIVISION
**FIRST JUDICIAL DEPARTMENT**
**61 BROADWAY - 2ND FLOOR**
**NEW YORK, NEW YORK 10006**

**(212) 401-0800**
**FAX: (212) 287-1045 (NOT FOR SERVICE OF PAPERS)**

ERNEST J. COLLAZO
CHARLOTTE MOSES FISCHMAN
    IRS

MYRON KIRSCHBAUM
ABIGAIL T. REARDON
VICE CHAIRS

JORGE DOPICO
CHIEF ATTORNEY

**SPECIAL TRIAL ATTORNEY**
JEREMY S. GARBER

**DEPUTY CHIEF ATTORNEYS**
ANGELA CHRISTMAS
NAOMI F. GOLDSTEIN
VITALY LIPKANSKY
RAYMOND VALLEJO

**STAFF ATTORNEYS**
SINAN AYDINER
SEAN A. BRANDVEEN
KEVIN P. CULLEY
SHERINE F. CUMMINGS
KEVIN M. DOYLE
JUN H. LEE
NORMA I. LOPEZ
NORMA I. MELENDEZ
ELISABETH A. PALLADINO
KATHY W. PARRINO
LANCE E. PHILADELPHIA
ORLANDO REYES
YVETTE A. ROSARIO
REMI E. SHEA
DENICE M. SZEKELY

September 7, 2017

PERSONAL AND CONFIDENTIAL

Mr. John A. Mattera
#97650-004, F.C.C.
Coleman - Low
Post Office Box 1031
Coleman, FL 33651-1031

Re:     Matter of Martin H. Kaplan, Esq.
        Docket No. 2017.1558

Dear Mr. Mattera:

As you know, there is pending litigation concerning allegations which are substantially
similar to the material allegations of professional misconduct you have alleged here.
In particular, on June 28, 2017, you filed a legal malpractice action in the Southern District
of Florida, 1:17-CV-22406-KMW, in which the allegations are substantially the same to the
material allegations of professional misconduct alleged in the instant complaint.

We have found that a judicial determination of such matters is helpful to the Committee.
Accordingly, we have determined to defer further investigation at this time. Please
inform us of any court decision or other event which may warrant an investigation. We
will notify you if we determine, at a later date, to reactivate the investigation.

Thank you.

Very truly yours,

Jorge Dopico
Chief Attorney

JD:RES/cmn
PL C

SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT
DEPARTMENTAL DISCIPLINARY COMMITTEE
61 BROADWAY, 2ND FLOOR
NEW YORK, NEW YORK 10006
(212) 401-0800

**Jorge Dopico**
**Chief Counsel**

DATE: _____

**Complainant(s):**

Mr.() Ms.() Mrs.()  __Mattera__        __John__         __Andrew__
                      Last                First            Initial

**Address:** _____ Apt. No. _____

_____        _____        _____
          City                     State                  Zip Code

**Telephone:  Home: (      )_____      Business: (      )_____

**Attorney Complained of:**

Mr.() Ms.() Mrs.()  __KAPLAN__        __MARTIN__         __H__
                      Last               First            Initial

**Address:**  __120   WALL  STREET__ _____ Apt. No._____

          __NEW  YORK__              __NY__
            City                     State                  Zip Code

**Telephone:  Home: (      )_____      Business: (_213)  269  1400

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Complaints to other agencies:**

Have you filed a complaint concerning this matter with another Bar Association, District Attorney's Office or any
other agency:  __Office of Attorney General - STATE OF FLORIDA__

If so, name of agency:  __Office of Attorney General - STATE OF New York__

Action taken by agency: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Court action against attorney complained of:**

Have you brought a civil or criminal action against this attorney?  __YES__

If so, name of court: __US DISTRICT COURT SOUTHERN__      Index No. _____
                     __DISTRICT OF FLORIDA(FORT LAUDERDALE)__
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  Please send AN ORIGINAL AND ONE COPY of your complaint with enclosures.  Please do not send original
    documents in your enclosures because we will not return them.
2.  You may copy the enclosed form as many times as you wish, or you may find it online.  Our website is:
    www.nycourts.gov.  Go to the search bar and enter "disciplinary committee." Click on the link which says,
    "Departmental Disciplinary Committee."
3.  You may also state your allegations in a letter.  We request separate complaint forms/letters for each
    attorney in question.

## PLEASE PRINT LEGIBLY OR TYPE IN ENGLISH

Start from the beginning and be sure to tell us why you went to the attorney, when you had contact with the attorney, what happened each time you contacted the attorney, and what it was that the attorney did wrong. Please attach copies of all papers that you received from the attorney, if any, including a copy of ANY RETAINER AGREEMENT that you may have signed. DO NOT FORGET TO SEND AN ORIGINAL AND ONE COPY OF THIS COMPLAINT.

See ATTACHED LAWSUIT
11th Circuit, Miami Fla
1:17-CV-22406 KMW

UNSIGNED COMPLAINTS WILL NOT BE PROCESSED.

Signature

SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT
DEPARTMENTAL DISCIPLINARY COMMITTEE
61 BROADWAY, 2ND FLOOR
NEW YORK, NEW YORK 10006
(212) 401-0800

Jorge Dopico
Chief Counsel

DATE: _____

**Complainant(s):**

Mr.(X) Ms.() Mrs.() __MATTERA_____ __JoHN_____ __Andrew_____
                         Last              First           Initial

Address: _____ Apt. No. _____

_____
         City                  State              Zip Code

Telephone:   Home: ( ___ ) _____   Business: ( ___ ) _____

**Attorney Complained of:**

Mr.(X) Ms.() Mrs.() __NUSBAUM___ __LAWRENCE___ __G___
                          Last            First          Initial

Address: ___120___ __WALL STREET_____ Apt. No._____

___New YORK_____ __NY__
         City                  State              Zip Code

Telephone:   Home: ( ___ ) _____   Business: (212) 269 1400

*********************************************************************************

**Complaints to other agencies:**

Have you filed a complaint concerning this matter with another Bar Association, District Attorney's Office or any
other agency:   OFFICE OF ATTORNEY GENERAL - STATE OF FLORIDA

If so, name of agency:   OFFICE OF ATTORNEY GENERAL - STATE of New York

Action taken by agency: _____

*********************************************************************************

**Court action against attorney complained of:**

Have you brought a civil or criminal action against this attorney?   YES

If so, name of court: US DISTRICT COURT SOUTHER   Index No. _____
DISTRICT OF FLORIDA (FORT LAUDERDALE)
*********************************************************************************

1.   Please send AN ORIGINAL AND ONE COPY of your complaint with enclosures.  Please do not send original
     documents in your enclosures because we will not return them.
2.   You may copy the enclosed form as many times as you wish, or you may find it online.  Our website is:
     www.nycourts.gov.  Go to the search bar and enter "disciplinary committee."  Click on the link which says,
     "Departmental Disciplinary Committee."
3.   You may also state your allegations in a letter.  We request separate complaint forms/letters for each
     attorney in question.

**PLEASE PRINT LEGIBLY OR TYPE IN ENGLISH**

Start from the beginning and be sure to tell us why you went to the attorney, when you had contact with the attorney, what happened each time you contacted the attorney, and what it was that the attorney did wrong. Please attach copies of all papers that you received from the attorney, if any, including a copy of ANY RETAINER AGREEMENT that you may have signed. DO NOT FORGET TO SEND AN ORIGINAL AND ONE COPY OF THIS COMPLAINT.

SEE ATTACHED LAWSUIT

11th Circuit Court, Miami FLA

(;17-CV-22406 KMW

UNSIGNED COMPLAINTS WILL NOT BE PROCESSED.

Signature



# Office of the Attorney General

Please return completed consumer contact form to:
Office of Attorney General Pam Bondi
State of Florida
PL-01, The Capitol
Tallahassee, Florida 32399-1050

The contact information MUST be provided as we correspond via U.S. mail. Incomplete forms cannot be processed. PLEASE WRITE LEGIBLY. Only one business per complaint form.

| Person Making Complaint: | Complaint is Against: |
|---|---|
| Miss/Ms. <br> Mrs./Mr. __MATTERA   JOHN   A__ <br> Last Name, First Name, Middle Initial <br> REG # 97650-004 <br> FCI Coleman (Low) <br> PO BOX 1031 <br> Mailing Address | GUSRAE KAPLAN NUSBAUM PLL. <br> MARTIN KAPLAN — Managing Partner <br> LAWRENCE NUSBAUM — <br> Name/Firm/Company <br> 120 Wall Street <br> Mailing Address |
| Coleman FLA   33520 <br> City, County | New York   NY <br> City, County |
| FLA   33.521 <br> State, Zip Code <br> Mike Magolnick — Power of Attorney <br> 770 733 7939 <br> Home & Business Phone, including Area Code | NY <br> State, Zip Code <br><br> Business Phone, including Area Code |
| info@thematteragroup.com <br> Email Address | Business Email or Web Address |

Product or Service involved: __Legal__                Amount Paid: $ _____

Date of Transaction: _____   I was contacted by; X Telephone   X Mail   X Other (emai text)

Have you retained an attorney?  ☐ Yes  ☒ No  Filed Suit Pro Se  (see attached)

Did you sign a contract or other papers, i.e. estimates, invoices, or other supporting documents?  ☒ Yes  ☐ No

If you filed complaints with any other governmental and/or consumer agencies about this matter, please list those agencies:   __New York BAR / Jeff Sessions DOJ /__

(ATTACH COPIES.  DO NOT SEND ORIGINALS.)

Note:
1. All documents and attachments submitted with this complaint are subject to public inspection pursuant to  Chapter 119, Florida Statutes.
2. Whoever knowingly makes a false statement in writing with the intent to mislead a public servant in the performance of his official duty shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s.775.083, or s.837.06 Florida Statutes.

Please indicate if you are over the age of 60. Penalties can be enhanced for victimizing senior citizens. Over 60  ☐ Yes  ☐ No

(PLEASE USE OTHER SIDE OF THIS FORM TO DESCRIBE YOUR COMPLAINT & ATTACH YOUR SIGNATURE)

Please explain your complaint.  Attach additional sheets, if necessary.

See attached Lawsuit
11th Circuit Miami
1:17-CV-22406 KmW

My signature authorizes the Attorney General's Office to take any action deemed necessary for purposes of investigation or enforcement.  I understand that the Attorney General does not represent private citizens seeking the return of their money or other personal remedies.  I am filing this complaint to notify your office of the activities of this company so that it may be determined if law enforcement or legal action is warranted.

Signature: _____          Date: 8 June 2017



ATTORNEY GENERAL ERIC T. SCHNEIDERMAN

NEW YORK STATE DEPARTMENT OF LAW

# COMPLAINT FORM

CRIMINAL ENFORCEMENT AND FINANCIAL CRIMES BUREAU
120 BROADWAY, 22ND FLOOR
NEW YORK, NY 10271
(212) 416-8750

1.  PLEASE TYPE OR PRINT CLEARLY IN DARK INK.
2.  YOU MUST COMPLETE THE ENTIRE FORM. INCOMPLETE OR UNCLEAR FORMS WILL BE RETURNED TO YOU.
3.  MAKE SURE YOU ENCLOSE COPIES OF IMPORTANT PAPERS CONCERNING YOUR COMPLAINT.

## COMPLAINANT

Your Name: JOHN A. MATTERA   Reg# 97650.004   Home Tel.:   Mike Magolnick - Pow
of Attorney

Street Address: FCI Coleman Low PO BOX 1031   Business Tel.: (770) 733-7939

City/Town: Coleman   State: FLA   Zip: 33521   County:   info@thematteragroup.

## COMPLAINT

Firm or Individual about whom you are complaining: : GUSRAE KAPLAN NUSBAUM PLLC , MARTIN KAPLAN

Street Address: 120 Wall Street   And LAWRENCE NUSBAUM   Tel.:

City/Town: NEW YORK   State: NY   Zip:   County:

Has this matter been submitted to another agency or attorney? ☒ Yes [ ] No   If yes, please provide name and address:

NY BAR / DEPT OF JUSTICE - Jeff Sessions /

Is court action pending? ☒ Yes [ ] No   If yes, please indicate where:

Southern District of Florida - Law Suit Attach

PLEASE BRIEFLY DESCRIBE YOUR COMPLAINT BELOW
(use the back of form or attach additional documentation if necessary)

① Retained Law firm for Securitie Deriviatve Action De
2010. Wired via partner Jan 2011, next wire in suit
Sent Aug 2011 then third in Sept 2011. Demand letter
sent by firm Sept 2011 & firm filed suit without Mattera
Asset Mangement on the suit unbeknownst to me. They settled
the case I paid for in part for millions And I received nothing.
Filed Bar Complaint.

② Retained Law firm for SEC inquiry & case Aug 2011
& wired money in Aug 2011 then Associate in case Asked
me to wire him money in Sept 2011 As they needed a
additional 25K so he paid them with cashiers check w
my money Another 25K in Mattera. They took my informatio
and represented the Associate (who originally introduced me to th
firm in 2010 city he used them before) in what I recently
discovered As a manufactured case to protect the two a

conspiring to manufacture the case, (See lawsuit attached.)

The stole millions in settlement of case 1 An the stole much more, twisting the facts and hold myself accountable instead of Associate, Bradford Siden who owes me in excess of ⚡45,000,000 in ca #2 with the SEC

Lawsuit Filed.
11th Circuit Miami
1:17-CV-22406 KMW

*READ THE FOLLOWING BEFORE SIGNING BELOW*:

PLEASE ATTACH TO THIS FORM PHOTOCOPIES of any papers involved (contracts, warranties, bills received, cancelled checks, correspondence, etc.) DO NOT SEND ORIGINALS.

In filing this complaint, I understand that the Attorney General is not my private attorney, but represents the public in enforcing certain laws. I also understand that if I have any questions concerning my legal rights or responsibilities, I should contact a private attorney. The above complaint is true and accurate to the best of my knowledge.

Signature:                                    Date:  8  MAY  JUNE  2017

HAVE YOU ENCLOSED COPIES OF IMPORTANT PAPERS?

Return to:     NEW YORK STATE DEPARTMENT OF LAW
               OFFICE OF THE ATTORNEY GENERAL
               CRIMINAL ENFORCEMENT AND FINANCIAL CRIMES BUREAU
               120 Broadway, 22nd Floor
               New York, NY 10271

**DISPOSITION**
(for agency use only)

## U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:17-cv-22406-KMW
## Internal Use Only

Mattera v. Nusbaum et al
Assigned to: Judge Kathleen M. Williams
Referred to: Magistrate Judge Edwin G. Torres
Cause: 28:1332 Diversity-Fraud

Date Filed: 06/28/2017
Jury Demand: None
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

### Plaintiff

**John A. Mattera**

represented by **John A. Mattera**
97650-004
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE

V.

### Defendant

**Lawrence G. Nusbaum**

### Defendant

**Martin H. Kaplan**

### Defendant

**Gusrae, Kaplan, Nusbaum LLC**
*a New York Professional Limited Liability
Corporation*

### Defendant

**Bradford Van Siclen**

### Defendant

**Inga Walter Van Siclen**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2017 | 1 | COMPLAINT for Legal Malpractice and Damages against Gusrae, Kaplan, Nusbaum LLC, Martin H. Kaplan, Lawrence G. Nusbaum, Bradford Van Siclen, Inga Walter Van Siclen. Filing fees $ 400.00. IFP Filed, filed by John A. Mattera. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Summon(s))(vmz) (Entered: 06/28/2017) |
| 06/28/2017 | 2 | Clerks Notice of Judge Assignment to Judge Kathleen M. Williams and Magistrate Judge Edwin G. Torres.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Edwin G. Torres is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (vmz) (Entered: 06/28/2017) |

08 June 2017

Ms. Nancy K Deleon
Departmental Disciplinary Committee
New York Bar
First Judicial Department
61 Broadway
New York, NY 10006

Ms. Deleon,

Re: Complaint against Gusrae, Kaplan, Nusbaum PLLC; Martin Kaplan-
Managing Director and Lawrence Nusbaum.

As you may recall, I had previously filed a complaint (NY Bar
Docket #2016081) with your office against Lawrence Nusbaum of the
above named firm located at 120 Wall St, New York, NY. The New
York Bar, based on the managing director's responses, found no
ethical violations occurred.

In your initial letter to me in February 2015, you suggested
that should I have monetary damages, I should seek such remedy in
civil court.

In researching the civil action and reviewing Martin Kaplan's
response to the NY Bar, I have uncovered an even more egregious
case against the firm; Gusrae, Kaplan, Nusbaum PLLC.

The following evidence is black and white. I am a client of
their firm, they stole my money wired to them in two separate
cases. They represented another party against their own client
(myself) and used the information gained during that time to
conspire with the true guilty party in a criminal case, to ad-
vise, twist and manufacture a case against me.

They then walked the other party next door to 100 Wall Street
to the U.S. Attorney's office to agree to work with the federal
government to make a case against their own client (me).

1

I now submit my findings and evidence to prove that Mr. Kaplan's response to the NY Bar (Docket #20160181) was riddled with outright lies and lies by omission and more. Many of his answers were fabricated to protect not just Mr. Nusbaum but Mr. Kaplan as well.

This behavior was executed with impunity as they not only believe they are above the law but ethics simply do not apply.

Please take this matter serioiusly as I am pursuing this firm and its principle(s) until JUSTICE IS SERVED.

I shall await your prompt reply at the address below.

Cordially,

John A. Mattera
FID 97650-004
Federal Correctional Complex
Coleman-LOW
PO Box 1031
Coleman, FL 33521-1031

cc: Office of the President of the united States-Donald J Trump
    Office of the Attorney General-Jeff Sessions
    Office of the Acting Attorney of Manhattan-Joon Kim
    AUSA-Jane Kim
    Office of the Inspector General
    Office of Professional Responsibility-Marshall Jarett, Counsel

ENCLOSURE: Lawsuit against Gusrae, Kaplan, Nusbaum PLLC; Martin Kablan, Lawrence Nusbaum, Bradford Van Siclen, Inga Walter Van Siclen, et, al.

## GUSRAE KAPLAN NUSBAUM PLLC
ATTORNEYS AT LAW

DAVID A. GEHN
SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
MARLEN KRUZHKOV**
LAWRENCE G. NUSBAUM
MARTIN P. RUSSO
RYAN J. WHALEN
ANDREW WELS

120 WALL STREET-25ᵀᴴ FLOOR
NEW YORK, NEW YORK 10005

OF COUNSEL
ROBERT L. BLESSEY

TEL    (212) 269-1400
FAX (212) 809-4147

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914) 644-8323

** MEMBER N.Y. AND N.J. BAR

www.gusraekaplan.com

April 26, 2016

Mr. John A. Mattera
#97650-004
P.O. Box 5000
Yazoo City, MS 39194

Re:    Letter of April 11, 2016

Dear Mr. Mattera:

I acknowledge your letter of April 11, 2016.

We have no intention of entering into lengthy and time consuming analysis of your many page handwritten two-sided letter.

We have responded to the Appellate Division's request for information with copies to you.

You have never been a client our firm.

You obviously have a lot of time which I do not have.

Pursue whatever remedies you choose and bear the consequences of your acts.

I will no longer respond to your communications.

Very truly yours,

Martin H. Kaplan

MHK:mr

April 11, 2016

Mr. Herm H Kaplan
Gusrae Kaplan Nusbaum PLLC
120 Wall Street
25th Floor
New York NY 10005     Docket # 2016.0181

Re: Response to your letter dated March 23, 2016
and copies to First Judicial Department NY
received by me April 8, 2016

Mr. Kaplan:

If your mind perceived my letter dated 3-14-2016
as threatening, you are wrong. It seems your "first
response" to the many requests I have made;
October 18, 2015 (Cert # 7009 0960 0000 8781 5701), November
30, 2015 (Cert# 7004 2890 0001 1014 4651), and finally, January
14, 2016 (Cert # 7010 1870 0001 2199 4698) with a compliant
copied to the New York Bar, is completely without
merit.

I have copied the March 14, 2016 letter to the
BAR for their records and started only that your
continued failure to answer my many requests is
indicative of your firm's guilt.

I will now address your erroneous, misleading
and selective document answers you have written
to the New York Bar addressed to Ms. Nancy DeLeon,

dated March 16, 2016.

Your firm has represented Mattera Ariel Management
and Tom Mattera by simply accepting my complaints
wires to your office. I am in fact controlling party
to Rhino Island Capital, Inc. and have included
signature cards from my bank where "I" ordered
up Mr. Nussbaum requested wires, one for the "Ruse"
case for $45,000 made to your firm on Aug 22, 2011
and another for $25,000 made to your firm on Aug
15, 2011 memo reads "Brad Van Siclen and Tom Mattera."

In your package to Ms. DeLeon, you had conveniently
omitted the wire confirmation for the first $25,000
made payable to your firm to represent both of us,
the SEC Action. I have also included my transfer
to Mr. Van Siclens account from Rhino Island Cap.
for $70,000 made on August 3rd 2011 so he can pay
your firm the other $25,000 in which he remitted to
your firm on September 29, 2011.
You have also failed to send me and the BAR the
following documents to confirm I am a client of your
firm:

a) Copies of the RUSE Billings as I never received
a single bill for the $19,822.65 my firm. I
ever received a check from your firm returning
my $45,000 indicating the money sent to your
was in error because I did not sign my retainer
when your firm was sending me an updated
agreement that never arrived

Since you are managing member of ...,
Kaplan, Nussbaum PLLC and your representations
must be completely truthful and accurate, I would
like to correct your incorrect statements you
have made to the New York Bar.

First, Mr. Van Sclen, a long standing client to your
firm introduce me to your firm and I in turn,
brought Mr. Pierce across into the firm, not Maria
Avese introducing me to you firm. This is very
important as if you are not aware of this simple
fact, then everything you said is questionable,
especially complying this with the fact you
selectively omitted the documents I listed above
in this letter.

Mauro Auger bills were due until I sent you
the wire on Aug 22, 2011 in which you were not
authorized by me to offset any prior bills as your
firm had never billed me (Jan 2011 - Aug 2011) Aw was
If I was responsible, then I am a client but your firm
never, contrary to your billing practices (monthly statements)
sent me a single bill. If that the case refund me
$45,000. Both Yon and Lawry Nussbaum know "I" via
Rhino Island Capital was sending you a wire in August
2011 as you sent me an email with your wire
transfer information (attached to the wire ($5,000/yrs))
So please send that email to the NY Bar and

B) Copy of the demand letter your firm emailed
the SDF my office 10/2011. Matthew Asset Management
was part of that demand letter and clearly
Shows Matthew Asset Management is in fact
a client of your firm. Please send that email
with the attached letter to Mr. DeLeon and
myself. The demand was addressed to RVUE Holdings.

C) Copies of the Brad Van Sclen/Tom Mattera Account
in which first payment to your firm was made
on August 15, 2011 and your first meetings
with Mr. Van Sclen were in early August 2011.
Please submit these billing and your timesheets
along with all file correspondence to Ms. DeLeon
at the NY Bar and copy me.

D) Since the onset I have been asking for your
firms internal billing ledger for both wire
transfers on both accounts and you have
selectively omitted those from the package
you sent to the NY Bar. Kindly for ward
all detail on both accounts and all
supporting time records to substantiate
billing, phone records and emails in both
the "RVUE Holding" case with settlement Amount
and the "SEC action your firm represented
both "Bradford Van Sclen and Tom Mattera"
As depicted by the wire transfer I sent via
my company, Rhino Island Capital Inc

Ms DeLeon so she can see once again, that I, Matteis Asset Management are (in fact) clients and you both had knowledge I and Matteis Asset Management (via Payment) thru my controlled/owned company) had made payment properly memo'd and KEPT those wires in spite of my retainer being signed or not.

From August 2011 to October 2011 You, yourself had made several calls to me to discuss the SEC case and the RVUE case as did Mr. Nusbaum. Please submit your phone records for that period as I have my incoming and outgoing calls from the two of you. Please send those to Ms DeLeon at the NY Bar so she can see I was in fact an ongoing client.

This brings me to the conclusion, if you wish to get this matter settled before my criminal case (that your other client's confidential information for many years, Bradford Van Siclen gets the attention of other), Motion to Vacate gets finalized, please call my counselor Moore AT (662) 751 4810 or write me with a settlement offer as Mr. Nusbaum was clearly conflicted when he represented MR. Van Siclen against me. Mr. Moore will schedule a second call with me and we can discuss options.

I trust this clarifies the matter.

I enclose this letter with additional exhibits.

I await your call, answer in writing, settlement offer and both Ms DeLeon await your omitted documents:

1) RVUE Holding demand letter prepared by you first in Sept/Oct and emailed to me to Matteis Asset Management.

2) Copy of my ordered wire from my company to your firm dated August 15 2011 for #25,000 done via "Bradford Van Siclen and John Matteis for the SEC Action."

3) Both RVUE Billings and SEC Billings for Bradford Van Siclen and John Matteis, include timesheets.

4) Contact of you, Firas and your personal cell phone bills including Larry Nusbaum from Aug 1 2011 to Nov 15, 2011 showing multiple calls made to my cell phone.

5) Both account emails from your email server and Mr. Nusbaum.

I suggest you get a hold of this matter with me directly as I may be incarcerated but that does not stop me from pursuing my interests especially considering I will be out soon and my wrongful incarceration will be publically corrected. Stop your threats and lets get this settled.

Very truly yours,
John Matteis

cc: Nancy DeLeon
NY BAR
USI
Robert Hausman
Encl: BET Bank Rhine Island Signature (and showing John Matteis as principle

# GUSRAE KAPLAN NUSBAUM PLLC

### ATTORNEYS AT LAW

DAVID A. GEHN
SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
MARLEN KRUZHKOV**
LAWRENCE G. NUSBAUM
MARTIN P. RUSSO
RYAN J. WHALEN

** MEMBER N.Y. AND N.J. BAR

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005

TEL   (212) 269-1400
FAX (212) 809-4147

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914) 644-8323

OF COUNSEL
ROBERT L. BLESSEY

www.gusraekaplan.com

March 28, 2016

Mr. John A. Mattera
#97650-004
Yazoo Federal Correction Complex
P.O. Box 5000
Yazoo City, MS 39194

Dear Mr. Mattera;

I acknowledge receipt of your undated threatening letter.

It is rejected, as are your threats.

I enclose a copy of our submission to the First Judicial Department which debunks your imagined claims.

I suggest you stop your defamatory conduct. You may be incarcerated but that does not immunize you from liability.

Moreover, if you do not cease and desist engaging in such conduct we will take the necessary steps to protect our interests.

Continue with your wrongful conduct and the repercussions to you will be adverse to your interests.

Very truly yours,

Martin H. Kaplan

cc:   Nancy K. Deleon (without enclosures)
      Legal Assistant
      First Judicial Dept.
      61 Broadway
      New York, NY 10006

cc:   Archie B. Longley Warden (with enclosures)
      FCI Yazoo City Medium
      Federal Correctional Institution
      P. O Box 5666
      Yazoo City, MS 39194

# GUSRAE KAPLAN NUSBAUM PLLC
## ATTORNEYS AT LAW

DAVID A. GEHN
SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
MARLEN KRUZHKOV**
LAWRENCE G. NUSBAUM
MARTIN P. RUSSO
RYAN J. WHALEN

** MEMBER N.Y. AND N.J. BAR

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005

TEL   (212) 269-1400
FAX (212) 809-4147

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914) 644-8323

www.gusraekaplan.com

OF COUNSEL
ROBERT L. BLESSEY

March 16, 2016

<u>Federal Express</u>
Ms. Nancy K. KeLeon
Departmental Disciplinary Committee
First Judicial Department
61 Broadway
New York, NY 10006

RECEIVED 2016 MAR 17 A 9:08
DEPARTMENTAL DISCIPLINARY COMMITTEE

Re: <u>John A. Mattera – Docket No. 20160181</u>

Dear Ms. DeLeon;

I am the Managing Member of Gusrae Kaplan Nusbaum PLLC (the "Firm") and in such capacity am responding to your February 19, 2016 letter to my partner Lawrence G. Nusbaum, Esq.

I have reviewed our firm's records and respond to your letter by responding to "each allegation" as requested.

Our Firm has never represented Mr. Mattera individually, nor has our Firm represented either Mattera Asset Management, Inc. or Rhino Island Capital, Inc.

In or around December, 2010, our Firm was approached by Mr. Marco Arese of Milan, Italy, who believed that the management of a public company he previously invested in, engaged in fraudulent conduct to the detriment of its shareholders. The Company was Argo Digital Solutions Inc., trading symbol "RVUE" ("RVUE").

# GUSRAE KAPLAN NUSBAUM PLLC

March 16, 2016
Page 2

Our firm was introduced to Mr. Mattera by Mr. Arese as a prospective participant in a remedial action that was ultimately commenced as a derivative action against RVUE in the United States District Court for the Southern District of New York.

A Retainer Agreement was prepared for Messrs. Mattera and Arese to sign to retain our firm in connection with RVUE (the "RVUE Matter").

Only Mr. Arese signed the Retainer Letter (see Exhibit A). Thereafter, we believe that Mr. Arese and Mr. Mattera had their own discussions as to Mr. Arese's displeasure with Mr. Mattera. Thereafter, the Firm had no contact with Mr. Mattera regarding the RVUE Matter.

In December 2010 and January 2011 our firm received 2 payments totaling $15,000 from Mr. Arese in connection with the RVUE Matter.

Our firm received from Rhino Island Capital Inc on August 22, 2011 a payment of $45,000. The actual funds transfer notice reflected that the $45,000 was a payment for RVUE (see Exhibit B).

At the time the $45,000 payment was credited to the account our office maintained for billing of the RVUE Matter.

At the time of the receipt of the $45,000 there was a $19,826.65 balance due for work performed by our office on the RVUE Matter.

In September 2011 Mr. Arese paid an additional $15,000 for the RVUE Matter. Thereafter, Mr. Arese paid our firm through the resolution of the RVUE Matter approximately $250,000.

Prior to the filing of the Complaint for Mr. Arese in the US District Court for the Southern District of New York there were various correspondence and negotiations with representatives of RVUE in an effort to resolve the RVUE Matter. Such negotiations failed and a derivative complaint was filed in the US District Court for the Southern District of New York on September 14, 2012 (a copy of the Complaint is attached as Exhibit "C").

**GUSRAE KAPLAN NUSBAUM PLLC**

March 16, 2016
Page 3

The RVUE Derivative action was settled under the supervision of the US District Court (a copy of the settlement is attached as Exhibit "D").

Mr. Mattera's assertion that our Firm received a wire from him and/or other payment from him to pay for representation of him and/or Brad Van Siclen is factually erroneous. While it is true that for a period of time our office represented Mr. Van Siclen in a matter other than the RVUE Matter, we were paid by Mr. Van Siclen and not Mr. Mattera. A copy of the payment from Mr. Van Siclen is attached as Exhibit "E".

I trust the above clarifies the matter.

I enclose a second copy of this response with exhibits.

Should you have any questions, please contact me.

Very truly yours,

Martin H. Kaplan

Larry Wosham
120 Wall Street
Suite 1102
New York, New York 10005
USA

3-14-2016

Re: Failure to respond to my multiple requests
including *NEW YORK bar complaint acceptance.

You and your firm has failed to reply to my many requests for file copies, correspondence, justification for stealing (70) seventy thousand dollars in fees with no work product in two separate matters, RVUE Holdings, in which your firm went on to represent other parties injured in the same matter, parties that I brought to your firm, yet failed to include MATTERA ASSET MANAGEMENT, INC. in the settlement of the cactus causing substantial damages. Your firm was also retained by John MATTERA and Bradford Van Sickle yet you represented Bradford Van Sickle against me evidenced by text messages included in the body of the NY BAR complaint. There is much more evidence within my file at your office but your continued failure to answer even one request, all sent certified mail and signed four to send the requested documentation and justification for outright stealing (44) forty four thousand dollars in the RVUE case

and (25) twenty five thousand do John Mattera and Bradford Van Sickle case. Evidence by (2) two wire transfers by me to your firm. Carerae, Kaplan Bruno and Nusbaum PCC), clearly indicative of your guilt in this matter and I hold you accountable for the losses in the RVUE Holding Case and for your conflict of interest in which you and your firm choose to represent Bradford Van Sickle via intervention without my authorization to extricate parties that have caused me irreparable damages and I intend to hold you accountable for your actions. These indicate not limited to your unauthorized calls to participate were currently suing me to negotiate a deal for Bradford Van Sickle and Elizabeth Evan, clearly a conflict with your existing client, me.

If you decide to contact me to discuss a settlement in this matter, I would suggest it by 31 March 2016 as of 01 April 2016, suits will be filed against you and your firm for the extensive damages you have caused, especially in that my criminal case is on the docket to litigate my sentence based on Bradford Van Sickle extensive part as a Confidential Informant and his history in companies that FBI Storefronts with other companies that Ave FBI Storefronts with other companies associated at the companies being long standing informants.

You can send your settlement offer and my requested documentation to the return address on this envelope.

Govern Yourself Accordingly,

John A. Mattera

cc: Janice Dipeo Esq.
NY Bar Association
American Bar Association
Miami Herald
NY Times
Carl Schoeppl Esq.

**DEPARTMENTAL DISCIPLINARY COMMITTEE**
SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT
61 BROADWAY
NEW YORK, NEW YORK 10006
(212) 401-0800
FAX: (212) 287-1045 (NOT FOR SERVICE OF PAPERS)

RNEST J. COLLAZO, ESQ.
HAIRMAN

LICY        MITTEE MEMBERS
.PH C       IN ESO
ARLO        ES FISCHMAN ESQ
BERT L.     ESQ
AN C. MCK HENDERSON
RON KIRSCHBAUM, ESQ
N LEVINE, ESQ
N. EUGENE L. NARDELLI
RLA A. KERR STEARNS, ESQ.
N. JOSEPH P. SULLIVAN
PHEN L. WEINER, ESQ.

**MMITTEE MEMBERS**
IIEL R. ALONSO, ESQ.
IERT J. ANELLO, ESQ.
ID ARROYO, ESQ
IJORIE E. BERMAN, ESQ.
HAEL I BERNSTEIN, ESQ
IMAS BIRNBAUM
CE M. BOVE
DN CANALES, ESQ
N H. CARLEY, ESQ
J. JAMES M. CATTERSON
CENT T. CHANG, ESQ.
HERINE A. CHRISTIAN, ESQ
IEL D. CHU, ESQ.
IARD J. CONDON
NARD F. DELUCA
N M. DESIDERIO, ESQ
L DIMARTINO
L F. DOYLE, ESQ.
ER G. EIKENBERRY, ESO
JIAM P. FRANK, ESQ
Y D. FRIEDMAN, ESQ.
THEW GAIER, ESQ
RELL S. GAY, ESQ
ER C. HARVEY, ESQ
SHA M. HILL, ESQ
N J. JEROME, ESQ.
IARD M. KENNY, ESQ
IELLE C. LESSER, ESO
IA D. MELENDEZ, ESQ
RLES G. MOERDLER, ESO
IEL F        THY JR., ESQ
DRIC        MAN, ESQ
RDC         ENDO, ESQ.
LO Q        JS, ESQ
AIL T. REARDON, ESQ
S. RICHARDS, III, ESQ.
AND G. RIOPELLE, ESQ.
BARA K. ROTHSCHILD
JIAM T. RUSSELL, JR., ESQ
BARA A. RYAN, ESQ
ILEEN M. SCANLON, ESQ
INE P. SOUTHER, ESQ.
ARD M. SPIRO, ESQ
IA T. SYBBLIS, ESQ
I.C. VLADECK, ESQ
JK H. WOHL, ESQ.
ARD R. ZAYAS, ESQ
ZALO S. ZEBALLOS, ESO

JORGE DOPICO
CHIEF COUNSEL

SPECIAL TRIAL COUNSEL
JEREMY S. GARBER

DEPUTY CHIEF COUNSEL
ANGELA CHRISTMAS
NAOMI F. GOLDSTEIN
VITALY LIPKANSKY
RAYMOND VALLEJO

STAFF COUNSEL
KEVIN P. CULLEY
KEVIN M. DOYLE
PAUL L. FRIMAN
ROBERTA N. KOLAR
JUN H. LEE
NORMA I. LOPEZ
NORMA I. MELENDEZ
ELISABETH A. PALLADINO
KATHY W. PARRINO
LANCE E. PHILADELPHIA
ORLANDO PEYES
YVETTE A. ROSARIO
REMI E. SHEA

February 19, 2016

## PERSONAL AND CONFIDENTIAL

John A. Mattera
#97650004
Fcc Yazoo (low)
P O Box 5000
Yazoo City, MS 39194

Re: Matter of Lawrence G. Nusbaum, Esq.

Docket No. 2016.0181

Dear Mr. Mattera:

This office has received your complaint regarding the above-named attorney.

It is the function of this Committee to conduct investigations in order to determine whether or not attorneys have engaged in conduct which warrants professional discipline. Please be advised that we cannot take action to compel the return of money in any dispute, nor are we permitted to give legal advice.

A copy of your complaint will be sent to the above-named attorney. When we receive a written answer, it will be forwarded to you for written comments. We regret that we cannot provide detailed status reports during this investigation. You will, of course, be notified of the Committee's final disposition of this matter.

Correspondence and inquiries concerning this matter should be addressed to the undersigned.

Please be sure to include the Committee's docket number on your correspondence.

Very truly yours,

Nancy K. De Leon
Legal Assistant

JD:adp/P: NK
PAR11

Cert# 7010 1870 0001 2189 4698

Mr. Lawrence Nusbaum
Gusrae Kaplan Bruno Nusbaum PLC
120 Wall Street
Ste 102
New York NY 10005

Re: 3rd Request

Dear Mr. Nusbaum,

Kindly Provide the backup accounting and work product that your firm Gusrae Kaplan Bruno and Nusbaum PLC has to backup the use of my wires into your offices.

As a reminder, wire #1 was for US$45,000 and Memo used "RVUE" so I will need all detail from your registering the work product or nothing was ever received from your office. The client was Matera Asset Management Inc. I understand your firm settled that case in 2014 and Matera Asset Management Inc. was not party in that lawsuit or settlement.

Wire #2 was for US$ 25,000 and the MEMO reads "Bradford Van Siclen AND John Matera". I understand your firm had direct communication with both the SEC and the DOT on behalf of Mr. Van Siclen and in opposition of another client of your FIRM, John Matera (inc).

Kindly provide me with the detailed accounting, use of proceeds, work product and all emails and communication between Gusrae Kaplan Bruno and Nusbaum PLC, the DOT, SEC or other.

Also provide me with a copy of Gusrae Kaplan Bruno and Nusbaum PLC liability policy, including but not limited to your personal malpractice policy and Martin H. Kaplan policy information. Since Mr. Kaplan worked on the files of RVUE and Bradford Van Siclen AND John Matera. Please include any and all workproduct and communications from his office.

Also

For the third time, email this below to:

John A. Matera
PCC #2 97050 004
PCC Yazoo (Law)
PO Box 5000
Yazoo City MS 39195

cc - Isaac Depree - Chief Counsel
NY Bar

[signature]
John Matera
John C. Matera
John Matera (my)

**U.S. Postal Service**

**CERTIFIED MAIL™ RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

212 401-0800

NY BAR ASSOC

Sent To
JORGE DOPICO ➔ Chief Counsel

Street, Apt. No.; or PO Box No. 61 Broadway 2nd Flr

City, State, ZIP+4
NY NY 10006

7004 2890 0001 1014 5954

PS Form 3800, June 2002          See Reverse for Instructions

---

**U.S. Postal Service™**

**CERTIFIED MAIL™ RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

#2

Sent To
NUSBAUM

Street, Apt. No.; or PO Box No. 120 Wall St # 1102

City, State, ZIP+4
New York NY 10005

7010 1870 0001 2189 4698

PS Form 3800, August 2006          See Reverse for Instructions

Affadaunt of John A. Mattera

I, JOHN A. MATTERA swear that I had given instruction to wire on two occasions to Gosvae, Kaplan, Bruno And Nusbaum; US$ 45,000 And US$25,000 or A total of US$ 70,000.

On October 18, 2015 I had written Mr. Lawrence G. Nusbaum certified # 7009 0960 0000 6781 5701, requesting any paperwork signed by me with his firm with each wire with ANY <u>work product</u> as I have <u>never received anything</u> whatsoever nor any updates.

At this point, November 16th, 2015, No work product has been received nor has the money been returned.



JOHN A. Mattera

Arnold Stanton Sr    11/18/2015
ARNOLD STANTON SR, NOTARY

MR LAWRENCE NUSBAUM                          30 Nov 2015

GUSRAE KAPLAN BRUNO NUSBAUM PLC

120 WALL STREET

SUITE 102

NEW YORK  NY   10005


Re: 2nd Request


Dear MR Nusbaum,

    Kindly supply me with the following documentation
from your firm:

1) Detail of exactly how my money was spent by
   your firm for the two wires sent, one for the
   ARGO/RVUE case Another for JOHN Mattera and
   Bradford Van Siclen

2) Provide me with copies of each case file, do
   not sanitize nor exclude and documents

3) Include All court documents in each case And
   Any And all correspondance, US Mail, email,
   phone records to Any and All parties including
   goverment agencies, regulators and Any settle-
   ments or agreements your firm has negotiated
   in either case: RVUE Holdings or JOHN Mattera
   And Bradford Van Siclen

4) All original agreements that I had signed with
   your firm in both cases.

5) Who authorized, at your firm withdrawal of
   my money from your client Account

And provide me with the ledger that substantiates your use of my money.

6) Copie of the RVUE Holding; settlement that Mattera Asset Management Inc was not beneficiary of for the $45,000 wire to your firm Memo: RVUE.

7) Copies of all correspondance, specifically between your firm and the government agencies (DOJ, SEC and any and all) that your negotiated with, specifically representing John Mattera and Bradford Van Siclen per the wire Memo for $25,000.

Once again, I have enclosed the wires from me and I am copying the NY BAR Association as you have had plenty of time to respond to my first request.

govern yourself accordingly,

John A. Mattera

Mail Address: John A. Mattera
Reg # 97650-004
FCC Yazoo (Low)
PO Box 5000
Yazoo City MS 39194

CC - NY BAR Association
Jorge Dopico ESQ

18, Oct 2015

Mr. Larry Nusbaum Esq,
120 Wall street
Suite 1102
New York, NY 10005

Re: Backup of wire transfer

MR. Nusbaum,

In 2011 I instructed wire transfers (2) to
GOSRAE, KAPLAN, BRUNO & NUSBAUM PLCC. I have
enclosed the wire copies as to expedite my
request for your firms utilization of the monies
sent to you As of to date, I have received
Absolutely nothing, not even any updates nor
work product. Also, please provide my original paperwork
signed with your firm by me in each wire
    You can US Mail your response directly to me
at!

        John Mattera
        Reg # 97650-004
        FCC Yazoo (Low)
        PO Box 5000
        Yazoo City, MS 39194

And I will make sure your response gets to
my accountants and attorneys as they are conducting
my Audit.

                    thank you for your prompt attention,

                        John A. Mattera





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Larry Nusbaum Esq.
120 Wall Street
Suite 1102
New York NY
10005

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7009 0960 0000 6781 5701

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

7009 0960 0000 6781 5701

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: Larry Nusbaum Esq
Street, Apt. No.; or PO Box No.: 120 Wall ST #1120
City, State, ZIP+4: NY NY 10005

PS Form 3800, August 2006 See Reverse for Instructions

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: L. Nusbaum
Street, Apt. No.; or PO Box No.: 120 Wall ST # 1102
City, State, ZIP+4: NY NY 10005

PS Form 3800, June 2002 See Reverse for Instructions

7004 2890 0001 1014 4681
7004 2890 0001 1014 4681

CERTIFIED MAIL

John Mathews
Reg # 97656-004
Federal Correction Center
Yazoo (Low)
PO Box 5000
Yazoo City MS 39194

Exhibit 2

# GUSRAE KAPLAN NUSBAUM PLLC
## ATTORNEYS AT LAW

120 WALL STREET-25ᵀᴴ FLOOR
NEW YORK, NEW YORK 10005

OF COUNSEL
ROBERT L. BLESSEY

SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM
ANDREW WELS
RYAN J. WHALEN

TEL (212)269-1400
FAX (212)809-4147

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914)644-8323

www.gusraekaplan.com

September 13, 2017

**Via Federal Express**
Shannon Winters, Warden
FCI Coleman – Low
PO Box 1021
Coleman, FL 33521

Re:  John A. Mattera, Register Number 97650-004

Dear Warden Winters:

I write to you to bring to your attention the actions of the above inmate, John A. Mattera, (Register Number 97650-004) (the "**Prisoner**"), who is a prisoner at FCI-Coleman Low in Coleman, Florida ("**Coleman-Low**"). I have recently become aware that the Prisoner, either through use of the resources of your facility or otherwise, is maintaining a website (https://www.thematteragroup.com/) (the "**Website**") as well as a Twitter® account (@thematteragroup) (the "**Twitter Account**"), both of which we believe to be in violation of the rules and regulations of FCI Coleman – Low, including possible violations of the *Federal Correctional Complex, Coleman Florida Low Admission and Orientation Handbook.* Copies of various pages of the Website and the Twitter Account are enclosed herein. Please note that John A. Mattera and "The Mattera Group" are both identified and claim a copyright to the Website in the copyright footer.

The Prisoner previously pled guilty to charges of wire fraud, securities fraud, conspiracy to commit securities fraud and money laundering.

The *Federal Correctional Complex, Coleman Florida Low Admission and Orientation Handbook* indicates that the communication program used by Coleman Low (TRULINCS) does not allow inmates to obtain access to the internet. See *Handbook* at p. 53.

I am concerned that the Prisoner, who has a history of fraudulent behavior, is using resources of the federal correctional institutions to continue to engage in fraudulent behavior, including, libelous and defamatory conduct, on the Website and the Twitter Account. Additionally, the Website contains a tab under "The Mattera Story" which indicates that the

GUSRAE KAPLAN NUSBAUM PLLC

Website will soon contain "backgrounds" and/or "info" on several former and present government attorneys and attorneys that have previously represented the Prisoner including a partner of my law firm.

You should also be advised that the Prisoner has previously filed a complaint against my law firm with the Department of Disciplinary Committee, First Judicial Department, New York, which was subsequently dismissed. Additionally, the Prisoner has recently filed a frivolous lawsuit against me, my law firm and law partner seeking $2 billion in damages.

I have previously warned the Prisoner to cease and desist from engaging in defamatory conduct towards myself, my law firm and its members.

Should you have any questions, please contact me.

Very truly yours,

Martin H. Kaplan

cc:     By U.S. Mail to:
        John A. Mattera
        Reg. No. 97650-004
        FCC Coleman Low
        P.O. Box 1031
        Coleman, FL 33521

Encl.

This envelope is made from post-consumer waste. Please recycle – again.

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7004 2890 0001 1014 5527

PRIORITY
★ MAIL ★

DATE OF DELIVERY SPECIFIED *

USPS TRACKING™ INCLUDED *

INSURANCE INCLUDED *

$ AVAILABLE
: only

RNATIONALLY,
CLARATION
REQUIRED.





**FROM:**
⟨⟩97650-004⟨⟩
John A Matera
Federal Correctional
Complex Low
PO Box 1031
Coleman, FL 33521-1031
United States

**TO:**
⟨⟩97650-004⟨⟩
Clerk Of The Court
299 E Broward BLVD
Suite 108
FORT Lauderdale, FL 33301
United States



1006

33301

U.S. POS
COLEMA 33521
APR 04
AMOU
$0
R2306H1

EP14F July 2013

VISIT US AT USPS.COM®





UNITED STA



‖‖‖‖‖‖‖‖‖
01000014

**PRIORITY MAIL ★**

★ ★ RATE ENVELOPE
★ ★ ANY WEIGHT*

* For international shipments, the maximum weight is 4 lbs.

EP14F July 2013
OD: 12.5 x 9.5

F.C.C. COLEMAN
MAIL ROOM
846 N.E. 54TH TERR
COLEMAN, FLORIDA
33521

THE ENCLOSED LETTER WAS
PROCESSED THROUGH SPECIAL
MAILING. THE LETTER HAS BEEN
NEITHER OPENED OR INSPECTED.
IF THE WRITER RAISES A QUESTION
OR A PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MAIL
FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER
ENCLOSED CORRESPONDENCE
FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE
ADDRESSEE.

4/2/18
DATE        MAIL ROOM STAFF



UNITED STATES
POSTAL SERVICE®



INSURED
★ ★
★ ★ ★
*